(101 So. 920)

Frances A. DILLON v. John F. LIGHT. (6 Div. 79.) (Supreme Court of Alabama. Oct. 9, 1924.) Appeal from Circuit Court, Jefferson County; William M. Walker, Judge. Lange & Simpson and W. H. Brantley, J., all of Birmingham, for appellant. James H. Willis, of Birmingham, for appellee.

PER CURIAM. Appeal dismissed by agreement.

---

(103 So. 918)

Joseph EASON v. R. B. EASON. (7 Div. 527.) (Supreme Court of Alabama. March 26, 1925.) Appeal from Probate Court, St. Clair County; Sam High, Judge. Frank B. Embry, of Pell City, for appellant. W. T. Starnes, of Pell City, for appellee.

SAYRE, J. The appeal is upon exceptions taken by the ward, appellant, on the final settlement of his guardian, appellee. After deliberate examination of the evidence, we feel convinced that appellant paid fairly his way at least by his labor on appellee's farm, and that appellee's charge of $120 per annum for support should not have been allowed. Further than this we are unwilling to go, in derogation of the conclusions of fact reached in the trial court. No error appears in the other rulings excepted to. The judgment will be reversed, and the cause remanded to the probate court, with direction to enter judgment in accordance with this opinion. Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

(102 So. 917)

Jim FIELDS v. STATE. (6 Div. 170.) (Supreme Court of Alabama. Dec. 4, 1924.) Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge. Second degree murder.

PER CURIAM. There is no bill of exceptions, nor does any error appear in the record. The judgment of conviction is affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

(103 So. 918)

FRIENDSHIP BAPTIST CHURCH v. Julius KELLEY et al. (6 Div. 247.) (Supreme Court of Alabama. April 21, 1925.) Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

PER CURIAM. Appeal dismissed for want of prosecution.

---

(102 So. 917)

Allen GERMANY, alias, etc., v. STATE. (6 Div. 252.) (Supreme Court of Alabama. Jan. 28, 1925.) Appeal from Circuit Court, Jefferson County; George F. Smoot, Judge.

GARDNER, J. Appellant was convicted of murder in the first degree, and the death penalty imposed. The appeal is upon the record, there being no bill of exceptions. We find nothing in the record calling for a reversal of the judgment, nor justifying discussion here. Let the judgment be affirmed. Affirmed. All the Justices concur.

---

(102 So. 917)

Margaret B. GRAVES et al. v. C. T. BRITTINGHAM et al. (7 Div. 479.) (Supreme Court of Alabama. Nov. 20, 1924.) Appeal from Circuit Court, Shelby County; W. M. Lackey, Judge. Bill of review by Margaret B. Graves and others against C. T. Brittingham and another. From a decree denying relief, complainants appeal. Affirmed. Roy McCullough, H. U. Sims, and Theodore J. Lamar, all of Birmingham, for appellants. Leeper, Haynes & Wallace, of Columbiana, for appellees.

In view of the decision, it is not necessary that briefs be here set out.

SAYRE, J. As more fully shown by the report of this case on a former appeal (Graves v. Brittingham, 209 Ala. 147, 95 So. 542), the bill was filed to set aside and annul a decree of foreclosure. By their bill appellants, heirs at law of the deceased mortgagor, assumed the burden of proving that the mortgagor, defendant in the decree attacked, was at the time insane, that her insanity was known to complainant in that cause, appellee Brittingham in this, or that he had knowledge of facts which put him on notice of her insanity, and that the cause was allowed to proceed to a decree pro confesso and to a final decree of foreclosure without the suggestion or aid of a guardian ad litem to represent her interests. All the rest is irrelevant, except as it may be evidential. The evidence has had due consideration, and we are content to state our conclusions, which are sustained by the great weight of the evidence. The averment is of insanity. The proof is of addiction to morphine. Assuming that the morphine habit may reach a stage of addiction, the equivalent of moral and intellectual irresponsibility, insanity, we are clear to the conclusion that such a case is not shown by the evidence in this record, and that appellee Brittingham, complainant in the foreclosure decree, had no knowledge or notice that his mortgagor, defendant in foreclosure, was or had ever been in the least degree addicted to the use of morphine. It follows that the trial court had no warrant for disturbing the decree of foreclosure, and it so correctly ruled. Its decree must be affirmed. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.